IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBERT RODERICK STUBBLEFIELD, § § | |
| Petitioner, § | |
| § | |
| v. § | No. 3:20-cv-00213-C (BT) |
| § | |
| DIRECTOR, TDCJ-CID, § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Robert Roderick Stubblefield, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The District Court referred the petition to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the District Court should DISMISS Stubblefield's petition.

## Background

Stubblefield was charged in Kaufman County, Texas with continuous sexual abuse of a child under ten years of age. *The State of Texas v. Robert Roderick Stubblefield*, Case Number 14-30574-86-F. He pleaded not guilty and had a jury trial. The jury found Stubblefield guilty as charged. On September 10, 2015, he was sentenced to eighty years' imprisonment.

Stubblefield appealed, and his conviction and sentence were affirmed by the Fifth Court of Appeals of Texas. *Stubblefield v. State*, No. 05-15-01124-CR, 2017 WL 343596, at *1 (Tex. App. Jan. 18, 2017), slip op. (Tex.

App.—Dallas 2017, pet. ref'd). On July 26, 2017, the Texas Court of Criminal Appeals (CCA) refused his petition for discretionary review (PDR). *Stubblefield*, 2017 WL 343596, PDR No. 0369-17 (Tex. Crim. App. 2017).

Stubblefield filed a state application for a writ of habeas corpus. On April 3, 2019, the CCA denied the application without a written order on the findings of the trial court.

On January 15, 2020, Stubblefield filed his federal petition in the Eastern District of Texas. Because the petition attacks a conviction from Kaufman County, Texas, the case was transferred to the Northern District of Texas, Dallas Division. In his petition, Stubblefield argues:

(1) The prosecutor engaged in prosecutorial misconduct when he:

   a. asked leading questions over objection;

   b. coached the complaining witness to add missing elements;

   c. bolstered the complainant's testimony;

   d. made direct comments on Stubblefield's silence at trial and demeanor during closing arguments;

   e. misrepresented Stubblefield's prior criminal history; and

   f. presented an incorrect criminal history to the jury.

(2) The trial court abused its discretion and violated his Due Process rights when it allowed unadjudicated extraneous offenses to be admitted during his trial; and

  (3) His trial attorney provided ineffective assistance of counsel by failing to have a firm command on the facts and law involved in Stubblefield's case.

## Legal Standards and Analysis

A. <u>Stubblefield's prosecutorial misconduct claims are procedurally barred</u>.

In his first claim, Stubblefield argues that the prosecutor engaged in prosecutorial misconduct in the following respects: (1) he asked leading questions over objection; (2) he coached the complaining witness to add missing elements; (3) he bolstered the complainant's testimony; (4) he made direct comments on Stubblefield's silence at trial and demeanor during closing argument; (5) he misrepresented Stubblefield's prior criminal history; and (6) he presented an incorrect criminal history to the jury. Pet. 6 (ECF No. 1). To the extent that these claims were not raised on direct appeal or in a state habeas application, they have been defaulted.

"Exhaustion requires that a petitioner first present the substance of his federal claims to the highest state court either through direct appeal or by state collateral review procedures." *Hatten v. Quarterman,* 570 F.3d 595, 605 (5th Cir. 2009) (citing *Morris v. Dretke,* 413 F.3d 484, 491 (5th Cir. 2005)); *see also Renz v. Scott,* 28 F.3d 431, 432 (5th Cir. 1994) ("[The petitioner's] failure to raise this [sufficiency of the evidence] claim on direct appeal constituted a procedural default under state law.") (citing *Clark v. State of Texas,* 788 F.2d 309, 310 (5th Cir. 1986)).

Stubblefield did not raise his prosecutorial misconduct claims on direct review. *See Stubblefield*, 2017 WL 343596, at *2 (noting only one issue was raised and it addressed the claim his Due Process rights were violated by the admission of extraneous unadjudicated sexual offenses committed against another child). When Stubblefield raised these claims on state habeas review, the CCA found that the claims were procedurally barred because they were not raised on direct appeal. *See* State Habeas Ct. R.-01 at cover, 61-62, 77-78, 196, 260 (ECF No. 17-31). Currently, Stubblefield makes no attempt to demonstrate cause for the default and actual prejudice resulting therefrom.

The procedural bar finding by the state habeas court also bars review of Stubblefield's prosecutorial misconduct claims on federal habeas review. *See Soria v. Johnson*, 207 F.3d 232, 249 (5th Cir. 2000) (holding a federal habeas petitioner forfeits review of his claims when he fails to raise them on direct appeal unless he can show cause for the default and actual prejudice resulting from the constitutional violation) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)); *see also Finley v. Johnson*, 243 F.3d 215, 219 (5th Cir. 2001) ("Finley's *Brady* claim was procedurally barred there since it is the sort of claim that could have been raised on direct appeal but was not.") (citing *Ex parte Gardner*, 959 S.W.2d 189, 199 (Tex. Cr. App. 1996)).

### B. Stubblefield's ineffective assistance of counsel claim and his claim that the trial court abused its discretion are unexhausted and procedurally barred.

Stubblefield argues in his second claim that the introduction of unadjudicated offenses by the trial court during the guilt-innocence phase violated his Due Process rights. Pet. 6 (ECF No. 1). He further argues that the erroneous admission of the unadjudicated offenses was an improper application of the "T.R.E. Rule 403 balancing test" and resulted in lowering the State's burden of proof. *Id.* In his third claim, Stubblefield argues that his trial attorney provided ineffective assistance of counsel by failing to have a firm command of the facts and law involved in his case. *Id.* 7. He further argues that "[t]he reliance upon defense counsel's affidavits to determine trueness and correctness of counsel's performance is misplaced." *Id.* Stubblefield concludes that the affidavits show that his trial attorney was not prepared on the law and facts, and this impacted the outcome of his trial and sentence. *Id.*

Before a state prisoner seeks a federal writ of habeas corpus, he must exhaust his available state court remedies. 28 U.S.C. § 2254(b)(1)(A). In Texas, a petitioner can exhaust his state remedies by pursuing one of two avenues: (1) he can present his claims to the CCA in a petition for discretionary review; or (2) he can file an application for writ of habeas corpus in the CCA. *See Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990). A claim is deemed unexhausted if a petitioner has the right under state law

to raise it through any available procedure and fails to do so. 28 U.S.C. § 2254(c). Exhaustion can be excused only when a petitioner can demonstrate "exceptional circumstances of peculiar urgency." *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). Federal courts dismiss without prejudice a federal petition for writ of habeas corpus when the grounds contained therein have not been exhausted. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982).

Here, Stubblefield raised thirteen claims of ineffective assistance of counsel in his state habeas application, but he did not present the ineffective assistance claim he now makes, which is that his attorney did not have a firm command on the law and facts involved in the case. *See* State Habeas Ct. R.-01 at 63-64, 78-79, 261-79 (ECF No. 17-31). Likewise, Stubblefield failed to raise his claim that the trial court abused its discretion when it allowed the extraneous offense evidence in his state habeas application. *See id.* at 53-57, 60-72. Therefore, the CCA has not considered Stubblefield's second and third claims on the merits. If Stubblefield filed a second state habeas application to include his second and third claims, it would be denied for abuse of the writ because he was required to include all his grounds for relief in his first petition. *See Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997) ("The Texas abuse-of-writ doctrine prohibits a second habeas petition, absent a showing of cause, if the applicant urges grounds therein that could have been, but were not, raised in his first habeas petition.") (footnote omitted) (citing *Ex parte Barber*, 879 S.W.2d 889, 891 n.1 (Tex. Crim. App.

6

1994) (en banc)). And the abuse-of-writ doctrine is an adequate state procedural bar for purposes of federal habeas review. *Id.* (citing *Emery v. Johnson*, 123 F.3d 213, 217-18 (5th Cir. 1997); *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995)); *see also Ex parte Barber*, 879 S.W.2d at 892 n.1 (discussing the abuse-of-writ doctrine in the criminal context, which generally prohibits "an applicant for a subsequent writ of habeas corpus [from] rais[ing] issues that existed at the time of his first writ" application). Where a state prisoner has been cited for abuse of the writ following *Ex parte Barber*, 897 S.W.2d 889 (Tex. Crim. App. 994), federal habeas review of that claim is barred. *See Delgado v. Davis*, 2017 WL 881865, at *2 (N.D. Tex. Feb. 2, 2017), *rec. adopted* 2017 WL 880862 (N.D. Tex. Mar. 3, 2017).

When a petitioner has never presented his claim to the state courts, it is procedurally barred from federal habeas review "if it is clear that his claims are now procedurally barred under [state] law." *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *see also Teague v. Lane*, 489 U.S. 288, 297-98 (1989) (holding the petitioner's claim was unexhausted because a state court would now find it procedurally defaulted). And when a petitioner's unexhausted federal habeas claims would be dismissed for abuse of the writ if presented in a subsequent state writ application, they are procedurally barred in federal court. *Fuller v. Johnson*, 158 F.3d 903, 906 (5th Cir. 1998) ("Because the claims [the petitioner] brings in this petition are procedurally barred in state court, these claims are not cognizable in federal habeas

7

proceedings."). Stubblefield's second and third claims are procedurally barred from federal habeas review, and they should be denied.

## III.

The Court should DISMISS Stubblefield's petition.

Signed June 10, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*