IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBERT RODERICK STUBBLEFIELD, §<br>Petitioner, §<br>§<br>v. §<br>§<br>DIRECTOR, TDCJ-CID, §<br>Respondent. § | No. 3:20-cv-00213-C (BT) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Robert Roderick Stubblefield has filed a motion seeking a certificate of appealability (COA). (ECF No. 34.) For the following reasons, the District Court should deny Stubblefield's motion.

I.

Stubblefield initiated this habeas action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the Tyler Division of the Eastern District of Texas. Because the petition attacked a conviction from Kaufman County, Texas, the court transferred the case to the Northern District of Texas, Dallas Division. (ECF No. 3.) On June 10, 2022, the United States magistrate judge issued findings and conclusions, recommending the petition be dismissed with prejudice. FCR (ECF No. 29). Stubblefield filed objections and an exhibit. (ECF No. 30.) On July 11, 2022, the District Court accepted the magistrate judge's recommendation and dismissed Stubblefield's petition with prejudice. Ord. (ECF No. 31); J. (ECF No. 32).

1

Thereafter, Stubblefield appealed this case to the Fifth Circuit Court of Appeals. (ECF No. 33.)

Stubblefield filed the instant motion seeking a COA on July 15, 2022. (ECF No. 34.) In his motion, Stubblefield argues that the District Court has not granted him a COA, and if it does, he can appeal the District Court's final judgment to the Fifth Circuit Court of Appeals.

II.

The district court must issue or deny a COA when it enters a final order adverse to the petitioner. The Rules Governing Section 2254 Cases (Section 2254 Rules), Rule 11(a). The standard for granting a COA requires the petitioner to make a substantial showing of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *see also Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004) (citing 28 U.S.C. § 2253(c)(2)). In making the requisite showing, the petitioner does not have to establish that he would prevail on the merits. *See Slack*, 529 U.S. at 483-84. Rather, the petitioner must only demonstrate that the issues are subject to debate among jurists of reason, a court could resolve the issues in a different manner, or the questions presented are worthy of encouragement to proceed further. *See id.* at 484. Any doubt regarding whether to grant a COA should be resolved in favor of the petitioner. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000). If the district court denies a COA, the parties may

2

not appeal the denial, but they may seek a COA from the court of appeals. Fed. R. App. Proc. 22(a); Section 2254 Rules, Rule 11(a).

Stubblefield raised eight claims in his habeas petition. FCR 2-3 (ECF No. 29). The magistrate judge addressed each of those claims and recommended that the petition be dismissed with prejudice because his prosecutorial misconduct claims were procedurally barred. *Id.* 3-4. The magistrate judge further found that Stubblefield's ineffective assistance of counsel claim and his claim that the trial court abused its discretion were unexhausted and procedurally barred. *Id.* 5-8. On July 11, 2022, the District Court accepted the recommendation and dismissed the petition with prejudice. Considering the magistrate judge's recommendation and the District Court's acceptance of that recommendation to dismiss the petition with prejudice, Stubblefield has failed to demonstrate that his claims are worthy of further encouragement. *See Slack*, 529 U.S. at 484. Likewise, he has not shown that any of his claims are subject to debate by jurists of reason, or another court may resolve the claims differently. *See id.* Therefore, Stubblefield has failed to demonstrate that he is entitled to a COA, and the District Court should deny his motion.

### III.

For the foregoing reasons, the Court should DENY Stubblefield's motion.

SO RECOMMENDED.

Signed July 28, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)

4